UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT GENERATION CAPITAL LLC, DBA NEXT GENERATION CAPITAL II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA A. FOLINO AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No. 2:16-cv-0543-TLN-KLN<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Debra A. Folino's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED and the Court hereby remands the action to the Superior Court of California, County of San Joaquin, due to lack of subject-matter jurisdiction.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 21, 2016, Plaintiff Next Generation Capital LLC, DBA Next Generation Capital II, LLC ("Plaintiff") brought an action against Defendant for possession of the real property known as 1818 Westmora Avenue, Stockton, California ("the Property"). (Notice of Removal, ECF No. 1 at 22.) The Complaint alleges that Defendant was the foreclosed upon

1

owner of the Property and continued to occupy the Property despite having no ownership or possessory interest in the Property. (ECF No. 1 at 22–23.) Plaintiff asserts that Defendant was served a "Notice to Quit" on January 13, 2016, yet continues to occupy the property. (ECF No. 1 at 23.) On March 15, 2016, Defendant filed a Notice of Removal removing this unlawful detainer action from the San Joaquin County Superior Court. (ECF No. 1.)

## II.    STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III.    ANALYSIS

Defendant's 16 page Removal Notice (ECF No. 1) is difficult to understand and lists at least 10 different basis for removal, including 28 U.S.C. §§ 1332(b), 1334(6), 1441, 1443, 1446, 1447(b) and 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Many of these statutes are not even relevant to the issue of removal of this action from state court. These types of cases place a

significant drain on this Court's resources. "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." *Cortez v. City of Porterville*, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014). Accordingly, the Court will address only those arguments that are relevant to the issue of removal.

It appears, based upon the title and opening paragraph of the Removal Notice, that Defendant's main argument for removal is 28 U.S.C. § 1441. (ECF No. 1 at 1.) 28 U.S.C. § 1441 provides two paths to removal: 1) federal question jurisdiction under 28 U.S.C. § 1331; and 2) diversity jurisdiction under 28 U.S.C. § 1332. Again, Defendant's removal action is difficult to follow, but it appears Defendant argues her "constitutional rights for a home" (ECF No. 1 at 2) and "one's constitutional rights to due process" (ECF No 1 at 4) are the basis for federal question jurisdiction.

With respect to federal question jurisdiction under 28 U.S.C. § 1331, the complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 9–10.) The Defendant fails to identify any federal law under which the action was brought. Defendant vaguely states that "The Federal question law is the Federal protection of homeowner discrimination against the poor and in favor of the rich." (ECF No. 1 at 9.) However, Defendant cites no specific federal law in support of this assertion and the Court is unaware of any law to this effect. Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant complaint relies solely on California state law and does not mention expressly or impliedly any federal law or statute. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Removal under diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Defendant simultaneously lists 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy) as a basis of removal (ECF No. 1 at 9), while also stating "THIS IS NOT BASED on

grounds of diversity of citizenship, amount in controversy in excess of $75,000 does not apply." (ECF No. 1 at 9.) Even if Defendant is arguing 28 U.S.C. § 1332 is a basis for removal, she has failed to show by a preponderance of the evidence that the amount in controversy has been met. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("[T]he removing defendant has always borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement."). Moreover, Defendant has similarly failed to make any argument to indicate her state citizenships are diverse from Plaintiff. *Id*. Therefore, the Court cannot find a basis for removal under diversity jurisdiction.

A notice of removal based on § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). *See also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. "The ground for removal under section 1443(1) is both specific and extremely narrow." *JP Morgan Chase Bank, NA vs. Omry Reznik*, No. CV1506590RGKAJWX, 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (citing *Davis v. Super. Ct. of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972)).

The Defendant seeks removal of this action under 28 U.S.C. 1443, but has failed to satisfy the two requirements of the test. First, the Defendant fails to identify the "explicit statutory enactment protecting equal racial civil rights" that is violated by the State's action. *Sandoval*, 434 F.2d at 636. The Defendant's reliance on the 14th Amendment alone is not sufficient to meet the first prong of the test. *Id*.

The Defendant also fails to satisfy the second criteria of the test. Even if the Defendant had properly identified a right to equal protection under the United States Constitution, she has failed to demonstrate that California state courts will not enforce that right. The Defendant does

not and cannot identify any California state law or constitutional provision that commands state courts to ignore an amendment to the United States Constitution. *See Fed. Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-01641, 2012 WL 1193613, *3 (C.D. Cal. Apr. 9, 2012); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010); *see also Sandoval*, 434 F.2d at 636 ("Bad experiences with the particular court in question will not suffice")).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, the Defendant has failed to demonstrate that this Court has subject matter jurisdiction to hear this action. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.   CONCLUSION

Thus for the reasons stated above, the Court hereby remands this action to the Superior Court of California, County of San Joaquin. Additionally, the Court has reviewed Defendant's motion for in forma pauperis status (ECF No. 2) and finds that she meets the requisite standard. As such, Defendant's motion for in forma pauperis status is granted.

IT IS SO ORDERED.

Dated: March 18, 2016

Troy L. Nunley
United States District Judge